NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES of America, | |
| v. | **OPINION** |
| Mitchell KURLANDER and Alan ABESHAUS, | Crim. No. 11-315 (WHW) |
| Defendants. | |

**Walls, Senior District Judge**

On May 10, 2011, Mitchell Kurlander and Alan Abeshaus were indicted by a federal grand jury in a 22 count indictment. Count One charged both Defendant Abeshaus and Defendant Kurlander with conspiring to commit mail and wire fraud contrary to 18 U.S.C. §§ 1341 and 1343, in violation of 18 U.S.C. § 1349. Counts Two through 22 charged Defendant Kurlander with substantive acts of mail and wire fraud.

Defendants Abeshaus and Kurlander move for an order directing the Government to produce, no later than 30 days before trial: (1) all statements within the meaning of the Jencks Act, 18 U.S.C. § 3500; (2) impeachment evidence within the meaning of Giglio v. United States, 405 U.S. 150 (1972); and (3) a list of the witnesses it intends to call at trial. This motion is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Kurlander was the Chief Financial Officer ("CFO") and, for a time, part owner of Circle System Group Inc. ("Circle"), a privately owned corporation engaged in the business of

1

**NOT FOR PUBLICATION**

selling and reconditioning athletic equipment, uniforms, and apparel. Indictment ¶¶ 1-2. As CFO, Kurlander was responsible for overseeing and managing the company's accounts payables, accounts receivables, billing, and submission of bids and quotes to customers. Id. ¶ 1. Defendant Abeshaus was the de facto Chief Executive Officer ("CEO") of Circle and its largest single shareholder. Id. ¶ 2. He was responsible for setting the policies and framework for the company's operations and knew of company developments. Id. Circle marketed its services nationally, but most of its sales were made to schools, colleges, and youth sports programs in New Jersey. Id. ¶¶ 2-3. Circle was acquired by Schutt Holdings in September 2005. Id. ¶ 3.

Count One of the Indictment charges Defendants with conspiracy during the time period from at least in or about August 1997 to in or about June 2007. Id. ¶ 4. Specifically, it is alleged that Defendants sought to obtain money and other things of value from select schools through several fraudulent business practices including:

- Retaining, and converting to Circle's own use, duplicate payments by the schools that should have been returned or credited to the schools;

- Submitting fake quotes to the school athletic officials so that their purchases from Circle would seemingly comply with applicable laws, regulations, and policies;

- Submitting fraudulent invoices to the schools in order to: i) recoup money that Circle had expended for donations to the schools and the athletic officials; ii) pay for personal gifts given to the school athletic officials; iii) ensure that Circle achieved its desired profits on goods and services that had been intentionally "underpriced;" and iv) hide the nature and timing of purchases by school athletic officials when requested to do so by these officials.

**NOT FOR PUBLICATION**

Id. Counts Two through 22 of the Indictment charge only Kurlander with the substantive acts of mail and wire fraud in furtherance of the conspiracy charged in Count One. Id. ¶ 33.

On January 30, 2013, Defendants moved for early discovery of Jencks and Giglio materials and a witness list. ECF No. 40. The Government opposed this motion on February 26, 2013. ECF No. 45.

## STANDARD OF REVIEW

### *The Jencks Act*

Pursuant to the Jencks Act, implemented by Federal Rule of Criminal Procedure 26.2, any time that a government witness testifies on direct examination, the defendant is entitled to a copy of "any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b)(2). The purpose of Jencks disclosure is to permit the defendant to review the witness's statements for any possible inconsistencies that he or she might use to impeach the witness. United States v. Rosa, 891 F.2d 1074, 1076-77 (3d Cir. 1989). The government has no obligation to produce Jencks material until the witness has testified. 18 U.S.C. § 3500(a); United States v. Merlino, 349 F.3d 144, 155 (3d Cir. 2003) ("Such [Jencks Act] disclosures must be made after each witness testifies on direct examination."). In practice, many federal prosecutors turn over Jencks material a few days before testimony. See United States v. Maury, 695 F.3d 227, 248 n.18 (3d Cir. 2012).

### *Giglio v. United States*

Under Brady v. Maryland, a prosecutor is required to disclose "evidence favorable to an accused" individual as long as such evidence is "material either to guilt or to punishment." 373 U.S. 83, 87 (1963). Evidence is material if there is a reasonable probability that "had the evidence been disclosed to the defense, the result of the proceeding would have been different."

3

**NOT FOR PUBLICATION**

United States v. Friedman, 658 F.3d 342, 357-58 (3d Cir. 2011) (quoting United States v. Bagley, 473 U.S. 667 (1985)). "The prosecution must also disclose evidence that goes to the credibility of crucial prosecution witnesses." Buehl v. Vaughn, 166 F.3d 163, 181 (3d Cir. 1999) (citing Giglio v. United States, 405 U.S. 150, 154 (1972)). This evidence, referred to as Giglio material, is a type of Brady material insofar as it addresses situations in which certain evidence about a witness's credibility or motivation to testify exists, and where "the reliability of a given witness may well be determinative of guilt or innocence." Giglio, 405 U.S. at 154 (citation omitted).

Giglio materials are not required to be disclosed pre-trial. United States v. Telfair, Crim. No. 08-757, 2008 WL 5188846, at *6 (D.N.J. Dec. 10, 2008); see also United States v. Higgs, 713 F.2d 39, 43 (3d Cir. 1983) ("Disclosure [on the day the witness testifies] will fully allow [the defendant] to effectively use that information to challenge the veracity of the government's witness.").

*Witness Lists*

"It is well established that criminal defendants have no right in advance of trial to see a list of witnesses the prosecution will or may call." United States v. Evangelista, 813 F. Supp. 294, 302 (D.N.J. 1993) (citing Government of the Virgin Islands v. Martinez, 847 F.2d 125, 128 (3d Cir. 1988)). See also United States v. DiPasquale, 740 F.2d 1282, 1294 (3d Cir. 1984), cert. denied, 469 U.S. 1228 (1985); United States v. Vastola, 670 F. Supp. 1244, 1268 (D.N.J. 1987). A district court may, in its discretion, order early disclosure. Government of the Virgin Islands, 847 F.2d at 302.

NOT FOR PUBLICATION

## DISCUSSION

*Jencks Act and Giglio Materials*

Defendants seek early disclosure of Jencks Act and Giglio materials in light of the complexity of the trial. The original Order for Discovery (ECF No. 16) addresses this issue by requiring the Government to produce Jencks Act and Giglio materials "sufficiently in advance of the witness's testimony to avoid delay in the trial." ¶ 4. The Government represents in its opposition that, on February 20, 2013, it "provided the defendants with an extensive production of Jencks Act and Giglio material including reports of interviews (with attachments) of approximately 100 individuals contacted during the criminal investigation and the transcripts of the grand jury testimony (with exhibits) of 13 individuals." Opp. at 5. In light of this extensive advance disclosure and this Circuit's case law, Defendants' request is denied. See United States v. Murphy, 569 F.2d 771, 773 (3d Cir. 1978) ("[T]he Jencks Act flatly states that disclosure of prior statements by government witnesses may not be compelled 'until said witness has testified on direct examination in the trial of the case.'"); see also United States v. Higgs, 713 F.2d 39, 43 (3d Cir. 1983) ("Disclosure [on the day the witness testifies] will fully allow [the defendant] to effectively use that information to challenge the veracity of the government's witness.").

*Witness List*

Defendants also move for a list of the Government's witnesses at least 30 days before trial. They argue that the complexity of the case – "the extremely large number of transactions, schools and school officials implicated by the Indictment" – require the early disclosure of a list to satisfy due process. Mot. at 1. The Government responds that Defendants are not entitled to pretrial identification of the Government's witnesses, Opp. at 5, but to avoid any trial delays, the

**NOT FOR PUBLICATION**

Government "intends to advise defense counsel by the preceding Friday of the identity of the witnesses that the Government expects to call during the following week of the trial" (Opp. at 6).

Disclosure of government witness lists implicates the due process considerations of the Fifth Amendment. See United States v. Ruiz, 536 U.S. 622, 631-32 (2002). Determining whether to require such disclosure involves considering "the nature of the private interest at stake . . . the value of the additional safeguard, and . . . the adverse impact of the requirement upon the Government's interests." Id. at 631.

The weight of authority is against the early disclosure of witness lists. Defendants are not entitled to early disclosure of a witness list under Brady. See, e.g., DiPasquale, 740 F.2d at 1294; Weatherford v. Bursey, 429 U.S. 545, 559 (1977). The D.C. Circuit has also noted the 1975 defeat of a proposal to amend Federal Rule of Criminal Procedure 16 to require the disclosure of witness lists. United States v. Bolden, 514 F.2d 1301, 1312 (D.C. Cir. 1975).

Moreover, "[n]o denial of due process occurs if Brady material is disclosed to appellees in time for its effective use at trial." Higgs, 713 F.2d at 44. See also United States v. Allain, 671 F.2d 248, 255 (7th Cir. 1982); United States v. Wolczik, 480 F. Supp. 1205, 1210 (W.D.Pa. 1979). This Court finds that the Friday preceding testimony is sufficient time to allow "effective use at trial."

Finally, this District, among others, has not treated the provision of witness lists in complex cases any differently. See, e.g., United States v. Gatto, 746 F. Supp. 432, 476 (D.N.J. 1990) (denying defendants' motion for a witness list in a complex case). Defendants' request for a witness list earlier than the preceding Friday, per the Government's offer, is denied.

**NOT FOR PUBLICATION**

## CONCLUSION

Defendants' motion for early production of Jencks and <u>Giglio</u> materials and a witness list is denied.


March 13, 2013


                                                    **<u>/s/ William H. Walls</u>**
                                                   United States Senior District Judge